UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SFR SERVICES, LLC,

    Plaintiff,

v.                          Case No: 2:19-cv-229-FtM-29NPM

LEXINGTON INSURANCE COMPANY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #13) filed on April 18, 2019. Plaintiff filed a Response (Doc. #21) on May 29, 2019, and defendant filed a Reply (Doc. #25) on June 11, 2019. For the reasons set forth below, the motion is denied.

**I.**

On January 29, 2019, plaintiff SFR Services, LLC (Plaintiff) filed a single-count Complaint (Doc. #4) in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Complaint asserts a breach of contract claim against defendant Lexington Insurance Company (Defendant). On April 12, 2019, Defendant removed the action to this Court on the basis of diversity jurisdiction. (Doc. #1.)

According to the Complaint (Doc. #4): On an unspecified date, Defendant issued an insurance policy to Coronado Condominium

Owners Association, Inc. (Coronado). (Doc. #4, ¶ 5.) The insurance policy provided insurance coverage to real property located at 11280 Bienvenida Way in Fort Myers, Florida. (Id.) On September 9, 2017, the insured real property sustained storm damage; on an unspecified date, Coronado reported that damage to Defendant. (Id., ¶¶ 7-8.)

On September 19, 2018, Coronado executed an Assignment of Insurance Benefits, which assigned Coronado's "rights, benefits, and proceeds" under the insurance policy to Plaintiff. (Id., ¶ 9.) Plaintiff alleges that Defendant has "refused to pay for all covered damages" to the Coronado real property sustained on September 9, 2017, "despite such payment being required by the" insurance policy. (Id., ¶ 10.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

Defendant now moves to dismiss Plaintiff's Complaint because Plaintiff failed to perform certain contractual conditions

3

precedent prior to filing the instant lawsuit.[1]  Specifically, Defendant asserts that Plaintiff failed to "comply with [Defendant's] request for completion of a Sworn Proof of Loss and for relevant books and records it has requested" pursuant to the insurance policy.  (Doc. #13, ¶ 12.)

In arguing that Plaintiff has failed to satisfy its conditions precedent to filing this lawsuit, Defendant cites to evidence outside the pleadings.  The Court, however, will not consider such extrinsic evidence in ruling on the instant motion to dismiss. See Kinsey v. MLH Fin. Servs., Inc., 509 F. App'x 852, 853 (11th Cir. 2013)(A court's review of a motion to dismiss is generally limited "to a consideration of the pleadings and exhibits attached thereto."  (citation omitted)).  Further, the Complaint's allegation that "[a]ll conditions precedent to the institution of this action have either been performed or have occurred" is sufficient to satisfy the pleading requirement for compliance with a condition precedent under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 9(c)("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").  Defendant's motion is therefore denied.

---

[1] Defendant moves in the alternative to abate this action until Plaintiff satisfies its conditions precedent to filing suit.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #13) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th   day of November, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record