```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

SFR SERVICES, LLC,

       Plaintiff,

v.                          Case No:  2:19-cv-229-FtM-29NPM

LEXINGTON INSURANCE COMPANY,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the defendant's Motion for Summary Judgment (Doc. #50) filed on February 28, 2020. Plaintiff filed a Response (Doc. #57) on March 20, 2020, and defendant filed a Reply (Doc. #60) on March 27, 2020. For the reasons set forth below, the motion is denied, and the case is abated for sixty days.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

On January 29, 2019, plaintiff SFR Services, LLC (Plaintiff) filed a single-count Complaint (Doc. #4) in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Complaint asserts a breach of contract claim against defendant Lexington Insurance Company (Defendant). On April 12, 2019, Defendant removed the action to this Court on the basis of diversity jurisdiction. (Doc. #1.)

The undisputed material facts are as follows: Defendant issued an insurance policy (the Policy) to Coronado Condominium Owners Association, Inc. (Coronado). (Doc. #50-2.) The Policy provided insurance coverage to real property located at 11280 Bienvenida Way in Fort Myers, Florida, for a term beginning on April 1, 2017 and ending on April 1, 2018. (Id., p. 8.) The insured real property sustained storm damage on September 10, 2017, and Coronado reported the damage to Defendant on September 18, 2017. (Doc. #50-3.)

York Risk Services Group (York), on behalf of Defendant, inspected the property on September 26, 2017. (Doc. #50-3, p. 1.) On October 26, 2017, York reinspected the property with a "retained roofing consultant, JS Held." (Id.; Doc. #50, p. 3.)

On January 18, 2018, Coronado's agent emailed York and stated, "I have not received any correspondence in a while, I was just checking to see if this claim has been closed?" (Doc. #50-5, p.

1.)  York responded via email on January 19, 2018, stating, "[t]he claim has yet to be closed. Per my field adjusters [sic] last report we were waiting on all of your incurred invoices to determine if any type of payment could be made." (Id.)  Coronado's agent responded on January 21, 2018 and informed York that "[she] spoke with the property manager and there is very little damage to this Association." (Id.)

On March 1, 2018, York informed Coronado's agent via email that the property damage fell below the Policy's deductible. The email stated:

> We have completed a review of your claim and have determined that the damages sustained to the property are well below the 3% hurricane deductible. If you have any documentation to submit that would be to the contrary, please let me know as soon as possible. AT [sic] this time, I am closing the claim, but we certainly [sic] reopen the file at a later date if need be. If you have questions, please let me know.

(Doc. #50-6, p. 1.)  On September 19, 2018, Coronado executed an Assignment of Insurance Benefits (Assignment), which provides in relevant part:

> [Coronado] hereby irrevocably assign[s] any and all insurance rights, benefits, proceeds, and any causes of action under any applicable insurance policies to [Plaintiff], for services rendered or to be rendered by [Plaintiff]. By executing this document, [Coronado] intend[s] for all rights, benefits, and proceeds for services rendered by [Plaintiff] to be assigned solely and exclusively to [Plaintiff].

(Doc. #50-7.)  York and JS Held reinspected the insured property on November 12, 2018.  (Doc. #50-1, ¶ 11.)

4

On December 21, 2018, Plaintiff emailed Defendant a Sworn Statement in Proof of Loss, which claimed that the Coronado property sustained $6,012,151.83 in covered wind damages on September 10, 2017. (Doc. #50-8; Doc. #50-9.) The email stated in relevant part:

> Please allow this email to serve as our formal demand to pay the attached estimate in the amount of $6,012,151.83 within (30) days, by the end of business, January 21st, 2018.
>
> Included in this email you will find all documents in support of our demand for payment. This includes an estimate concerning the necessary scope of repairs, and the associated pricing for the scope performed/to be performed.
>
> Please be advised that, if payment in full is not received within (30) days of this correspondence, we will [sic] forced to pursue alternative methods of recovery as allowed by Florida law. Payment for any amount less than stated above will not be sufficient to satisfy this demand.

(Doc. #50-8.) On December 27, 2018, York sent Defendant a Report and Statement of Loss, which calculated that Coronado sustained $12,835.10 in covered losses under the Policy. (Doc. #50-10; Doc. #50-11.) At some point thereafter, Plaintiff and Coronado received the $12,835.10 payment. (Doc. #57, ¶ 7.)

On January 16, 2019, Defendant sent Coronado a correspondence requesting that it provide a Sworn Proof of Loss within sixty days for "any and all portions" of the claims arising under the Policy "not assigned to [Plaintiff]." (Doc. #50-12, p. 2.) Defendant also requested that Coronado submit documents "related to all

5

portions of both the assigned and the unassigned claim, unless otherwise specified, to assist [Defendant] with the ongoing investigation of this claim." (Id. p. 3.) Specifically, the correspondence made the following document production requests:

> 1. Copies of any and all photographs (in .jpg format) or videotape depicting the condition of the areas of the property included in this claim prior to or subsequent to the date of loss;
>
> 2. Any and all documents that show all reasonable steps to protect the insured property from further damage after the loss;
>
> 3. Complete inventory of the damaged property for which Coronado claims benefits separate and apart from [Plaintiff]. Include quantities, costs, values and amount of loss claimed;
>
> 4. Separate and apart from the portion of the claim assigned to [Plaintiff], a list of all contractors and/or consultants, regardless of type of contractor or consultant, that have generated any document that was either provided to, conveyed through, received from or sent by or to regarding the damages that occurred to the insured location as a result of this loss.
>
> 5. Copies of all documents, including but not limited to, invoices, receipts, reports, bills or estimates of all repairs that have been completed that resulted from this loss.
>
> 6. Copies of all documents, including but not limited to, invoices, receipts, reports, bills or estimates, of all repairs that still need to be completed that resulted from this loss.
>
> 7. Copies of all documents, including but not limited to, maintenance requests, repair proposals, invoices, receipts, reports, bills or estimates relating to any or all roof function or performance concerns since original construction.

>8. Copies of all correspondence between Coronado, its agents or representatives, and any public adjuster or claim consultant acting on Coronado's behalf related to this claim;
>
>9. All building permits relating to the insured property from 2010 through the present day, including all permit applications and supporting documentation.

(Id. pp. 2-4.) The correspondence further provided that "[u]pon receipt of the information requested above, if [Defendant] still is not able to evaluate the reported claim, as provided for within the Policy, [Defendant] may request additional information, including that [Coronado] submit to an examination under oath and further inspections of damages." (Id. p. 4.)

Plaintiff initiated this lawsuit on January 29, 2019. (Doc. #1.) On June 18, 2019, Plaintiff provided Defendant with a Sworn Proof of Loss signed by Coronado; the signature date indicates it was signed on January 24, 2019. (Doc. #50, p. 5.) The record does not establish whether or not Coronado ever provided Defendant with the requested documents and information.

### III.

Pursuant to the Assignment, Plaintiff seeks to recover monies it claims it is entitled to under the Policy. Defendant, however, argues it is entitled to summary judgment because Plaintiff initiated this lawsuit before Coronado provided Defendant with a Sworn Proof of Loss and other requested documents, which according

7

to Defendant are conditions precedent to filing suit under the Policy.

Under Florida law, "the rights and obligations of the parties under an insurance policy are governed by contract law." Lumbermens Mut. Cas. Co. v. Aug., 530 So. 2d 293, 295 (Fla. 1988)(citation). It is a well settled Florida contract law principle that "an assignee succeeds to his assignor's rights under the assignment of a contract and takes it with all the burdens to which it is subject in the hands of the assignor." Shreve Land Co. v. J & D Fin. Corp., 421 So. 2d 722, 724 (Fla. 3d DCA 1982).

Because an assignee "steps into the shoes of the assignor and takes the assignment subject to all defenses of the obligor," the "[a]ssignment of a right to payment under a contract does not eliminate the duty of compliance with contract conditions." Shaw v. State Farm Fire & Cas. Co., 37 So. 3d 329, 332 (Fla. 5th DCA 2010), disapproved of on other grounds by Nunez v. Geico Gen. Ins. Co., 117 So. 3d 388 (Fla. 2013). Thus, if Coronado is not entitled to recovery for failure to comply with its contractual obligations under the Policy, Plaintiff is likewise not entitled to recovery as its assignee. Id. at 333 ("[I]f the assignor is not entitled to be paid because of some failure of performance on the part of the assignor, then the assignee is not entitled to be paid either.").

**A.  Waiver**

At the outset, the Court addresses Plaintiff's assertion that Defendant "waived its right to demand a sworn proof of loss and production of documents." (Doc. #57, p. 10.) Plaintiff reasons that an insurance company waives its right to make such a demand when it "denies it has liability on a claim." (Id.)

Plaintiff is indeed correct that "where an insurer's denial of liability is based upon grounds other than failure to furnish a notice or proof of loss, such denial is tantamount to a waiver of the policy requirements." Bryant v. GeoVera Specialty Ins. Co., 271 So. 3d 1013, 1021 (Fla. 4th DCA 2019)(citation and quotation omitted). This is because "[w]hen the insurer denies in advance that it has any liability under the policy coverage, the formal filing of a proof of loss becomes, in the eyes of the law, a useless and unnecessary thing that would accomplish nothing." Id. (citation and quotation omitted).

Plaintiff's reliance on Bryant, however, is misplaced. In Bryant, the insureds filed a claim with their insurance company after their insured property sustained water damage. Id. at 1016. The insurance company requested a sworn proof of loss within 60 days, which the insureds failed to provide, and the insurer ultimately determined that the policy capped recovery for such damage at $6,000 total, in part because a water leak had been ongoing for more than 14 days. Id. The insureds filed suit against the insurer, and the insurer moved for summary judgment

because the insureds failed to submit a sworn proof of loss before initiating the lawsuit. Id. at 1017-18. The court held that the insurer waived its right to demand a sworn proof of loss because the insurer determined that recovery was capped under the policy. Id. at 1020-21. The court thus reasoned that "a sworn proof of loss would have done nothing to resolve the coverage issues" because "it would not have resolved whether the water leakage had been occurring for more than 14 days so as to trigger application of the [policy's] sublimit." Id. at 1021.

Here, by contrast, Defendant did not determine that Coronado's recovery was capped under the Policy. Instead, Defendant's representative found that the insured property sustained covered damage, but that such damage was *under* the Policy deductible. Defendant later had the property reinspected by York, who subsequently determined that Coronado sustained $12,835.10 in covered damages under the Policy. Thus, unlike in Bryant, Coronado's document production request would not be "a useless and unnecessary thing that would accomplish nothing." Id. In other words, the instant requests for additional information were not moot.

Moreover, the record does not support Plaintiff's assertion that Defendant denied Coronado's claim. As a matter of Florida law, an insured's "letter informing the insured that its claim fell below the policy's deductible" and stating that "the claim

10

[is] open and ongoing" does not constitute a denial of coverage where such correspondence "contain[s] no language clearly denying the claim."  Linares v. Universal Prop. & Cas. Ins. Co., 141 So. 3d 719, 721 (Fla. 3d DCA 2014).

Plaintiff also appears to argue that Defendant waived its right to demand a sworn proof of loss and certain documents because it did not make such a request upon initial review of the claim, but instead "waited sixteen months to make such demands."  (Doc. #57, p. 10.)  As noted above, it is undisputed that York inspected the Coronado property on September 26, 2017 and October 26, 2017, and that York reinspected the property on November 12, 2018, after Coronado executed the Assignment.  It is further undisputed that Plaintiff emailed Defendant an unsolicited Sworn Statement in Proof of Loss on December 21, 2018, which claimed that the Coronado property sustained $6,012,151.83 in damages.  It is also undisputed that Defendant subsequently requested Coronado's sworn proof of loss and other documents on January 16, 2019.

The undisputed facts thus establish that Defendant requested that Coronado produce certain documents shortly after it received Plaintiff's unsolicited Sworn Statement in Proof of Loss (which demanded $6,012,151.83 in payments under the Policy, significantly more than the $12,835.10 York found was warranted under the Policy).  The Court is aware of no legal basis – and Plaintiff

11

cites to none - for finding Defendant waived its right to request certain documents under these circumstances.

Accordingly, the Court finds Plaintiff has failed to raise an issue of fact as to whether Defendant waived its right to request that Coronado produce documents relevant to the assigned claim.

**B.   Condition Precedent**

Defendant asserts it is entitled to summary judgment because Plaintiff filed this action before its assignor, Coronado, satisfied multiple conditions precedent to filing suit (that Plaintiff filed suit before Coronado provided Defendant with a Sworn Proof of Loss and other documents).

A "condition precedent" in an insurance policy is a clause "that bars suit against the insurer until the insured complies with the relevant policy provisions." Wright v. Life Ins. Co. of Georgia, 762 So. 2d 992, 993 (Fla. 4th DCA 2000). The Policy in this case provides that:

> No one may bring a legal action against [Defendant] under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Doc. #50-2, p. 21.)  The Policy also contains the following provision:

> 3. **Duties In The Event of Loss or Damage**

12

a. You must see that the following are done in the event of loss or damage to Covered Property:

(1)  Notify the police if a law may have been broken.

(2)  Give us prompt notice of the loss or damage. Include a description of the property involved.

(3)  As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4)  Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5)  At our request, give us complete inventories of the damaged and undamaged property, include quantities, costs, values, and amount of loss claimed.

(6)  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7)  Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8)  Cooperate with us in the investigation or settlement of the claim.

a.  We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

13

(Doc. #50-2, pp. 45-46)(emphasis in original.)

Under these provisions, receipt of Coronado's sworn proof of loss within sixty days of Defendant's request is a condition precedent to filing suit under the Policy. See Kramer v. State Farm Fla. Ins. Co., 95 So. 3d 303, 306 (Fla. 4th DCA 2012)("Such language causes the giving of immediate notice of the loss and the submission of a sworn proof of loss within 60 days of the loss to become conditions precedent to suit." (citation omitted)); see also Biscayne Cove Condo. Ass'n v. QBE Ins. Corp., 971 F. Supp. 2d 1121, 1136 (S.D. Fla. 2013)("Under the instant policy, the plaintiff's compliance with 'Duties In The Event Of Loss Or Damage' was a condition precedent to filing suit in the instant case." (citation omitted)). Similarly, Coronado's submission of the requested documents is a condition precedent to suit under the Policy. See Biscayne Cove, 971 F. Supp. 2d at 1139 (Under an identical policy provision, compliance with "specific requests for documents related to the [] loss" is a condition precedent under Florida insurance law.). Plaintiff, as assignee of Coronado, is still subject to these conditions precedent to filing suit, as noted *supra*. Shaw, 37 So. 3d at 332.

It is undisputed that Defendant requested Coronado's sworn proof of loss and other documents on January 16, 2019, and it is further undisputed that Plaintiff filed this action thirteen days later on January 29, 2019. Thus, by initiating this action prior

to Defendant's receipt of Coronado's sworn proof of loss and document production[1], Plaintiff has failed to file this lawsuit in accordance with the Policy's conditions precedent. To the extent Plaintiff argues that "Plaintiff's submission of a sworn proof of loss should satisfy this requirement," the Court disagrees. (Doc. #57, p. 13.) The Policy unambiguously required *Coronado*, not its assignee, to submit such a sworn proof of loss and produce other documents.

## C.   Prejudice

Plaintiff nonetheless argues Defendant is not entitled to summary judgment because Defendant suffered no prejudice. The Court agrees that summary judgment is not warranted here.

Florida courts are split on the issue of whether a party is entitled to summary judgment when an insured fails to satisfy a post-loss condition precedent to filing suit. One line of decisions holds that "[a]n insured's refusal to comply with a demand for an examination under oath is a willful and material breach of an insurance contract which precludes the insured from recovery under the policy" and "a finding of prejudice is not

---

[1] The Court is unpersuaded by Plaintiff's unsupported assertion that the Policy did not require Coronado to produce the requested documents. See Biscayne Cove, 971 F. Supp. 2d 1121, 1139 (S.D. Fla. 2013)(Under a policy with identical language, "[t]he plaintiff materially breached the policy's 'Duties In The Event Of Loss Or Damage' provision by failing to respond to . . . repeated requests for additional documents.").

15

essential" to such analysis. Goldman v. State Farm Fire Gen. Ins. Co., 660 So. 2d 300, 302-03 (Fla. 4th DCA 1995)(citations omitted). The other line of authority holds that an "insurer must be prejudiced by the insured's non-compliance with a post-loss obligation in order for" the insured to be barred from filing suit. Am. Integrity Ins. Co. v. Estrada, 276 So. 3d 905, 916 (Fla. 3d DCA 2019); see also Allstate Floridian Ins. Co. v. Farmer, 104 So. 3d 1242, 1249 (Fla. 5th DCA 2012)("[E]ven in proof of loss cases, prejudice is an issue in determining whether forfeiture results from an insured's breach.").

The Court finds Estrada and Farmer instructive. As explained by the court in Estrada:

> On the one hand, the plain language of the subject policy required [Coronado] to "fully comply" with [its] contractually mandated post-loss obligations before filing suit against [Defendant]; and, on the other hand, the policy does not expressly provide that an insured forfeits coverage for failing to satisfy a post-loss obligation and Florida law disfavors such forfeiture.

Estrada, 276 So. 3d at 916. Adopting such reasoning here, the Court finds that Defendant must be "prejudiced by the [Plaintiff's] non-compliance with" the Policy's conditions precedent to be entitled to summary judgment in this case. Id. Under that analysis, "prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer." Id.

16

As to Defendant's inability to obtain Coronado's sworn proof of loss, the Court agrees with Plaintiff that no prejudice to Defendant resulted. In its correspondence to Coronado, Defendant requested Coronado's sworn proof of loss for "any and all portions" of the claims arising under the Policy "*not assigned* to [Plaintiff]." (Doc. #50-12, p. 2)(emphasis added.) Given that such request only related to benefits not assigned to Plaintiff, and thus not the subject of this litigation, the Court finds that Defendants' arguments regarding prejudice are without merit.

With regard to the document production request, Defendant's claim of prejudice is that it was precluded from taking Coronado's examination under oath based upon the information contained in such documents. Yet Defendant fails to indicate whether it ever received those documents (albeit after this litigation commenced), and Defendant also fails to demonstrate that such information (if received in a timely fashion) would have altered its investigation. On this record, therefore, the Court cannot conclude that Defendant suffered any prejudice warranting dismissal of the Complaint.

In the interest of justice, the Court will allow sixty days in which Defendant may obtain Coronado's requested documents, if it has not already received them, and take Coronado's examination under oath. See Pena v. Citizens Prop. Ins. Co., 88 So. 3d 965, 967 (Fla. 2d DCA 2012)(Where insured "did not comply with the condition precedent set forth in the policy of insurance . . .

17

[i]t would have been appropriate for the trial court to either abate the cause until the condition precedent was fulfilled or dismiss the [] suit with leave to amend.").

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. #50) is **DENIED**.

2. This action is **abated** for **SIXTY (60) DAYS** from the date of this Opinion and Order, during which time Defendant may obtain Coronado's requested documents and take Coronado's examination under oath.

3. The parties may file renewed motions for summary judgment no later than **THIRTY (30) DAYS** after the abatement has been lifted.

4. An amended case management scheduling order will issue separately.

**DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of July, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record