UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SFR SERVICES, LLC,

      Plaintiff,

v.                            Case No:  2:19-cv-229-FtM-29NPM

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on six Motions in Limine filed by defendant Lexington Insurance Company (Lexington or defendant) (Docs. #62-67.)  Plaintiff SFR Services, LLC (SFR or plaintiff) filed responses (Docs. #79, 80, 81, 82, 83, 84) to each motion.  The resolution of these motions is set forth below.

    A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  Luce v. United States, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).  These motions "are generally disfavored."  Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017).  "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose."  Id.  Additionally, as the Supreme Court has cautioned:

        The ruling is subject to change when the case
        unfolds, particularly if the actual testimony

>       differs from what was contained in the
>       defendant's proffer. Indeed even if nothing
>       unexpected happens at trial, the district
>       judge is free, in the exercise of sound
>       judicial discretion, to alter a previous in
>       limine ruling.

Luce, 469 U.S. at 41-42.

                              **(1)**

     In Defendant's Motion in Limine Regarding Matching (Doc.
#62), Lexington seeks to preclude any evidence, testimony and
comment regarding the Florida "matching" statute, Florida Statutes
§ 626.9744.  Lexington also seeks to exclude evidence, testimony
and comment regarding "matching" under the insurance Policy at
issue in this case.  (Doc. #62, p. 2.)

     Lexington argues that the Policy at issue in this case is a
commercial property insurance policy, while the Florida "matching"
statute only applies to homeowners' policies.  (Id., pp. 3-4.)  In
pertinent part, the statute provides:

>       Unless otherwise provided by the policy, when
>       a homeowner's insurance policy provides for
>       the adjustment and settlement of first-party
>       losses based on repair or replacement cost,
>       the following requirements apply:
>
>                         . . .
>
>       (2) When a loss requires replacement of items
>       and the replaced items do not match in
>       quality, color, or size, the insurer shall
>       make reasonable repairs or replacement of
>       items in adjoining areas. In determining the
>       extent of the repairs or replacement of items
>       in adjoining areas, the insurer may consider
>       the cost of repairing or replacing the
>       undamaged portions of the property, the degree

                              - 2 -

> of uniformity that can be achieved without
> such cost, the remaining useful life of the
> undamaged portion, and other relevant factors.

§ 626.9744, Fla. Stat.  Plaintiff's Response (Doc. #79) does not address this statutory argument.  The Policy at issue is a commercial policy[1], not a homeowner's policy.  (Doc. #62-1, p. 6.) The analysis in <u>Strasser v. Nationwide Mut. Ins. Co.</u>, No. 09-60314-CIV-SEITZ/O'SULLIVAN, 2010 U.S. Dist. LEXIS 21632, at *2-3 (S.D. Fla. Feb. 19, 2010) appears to be correct.  <u>See also Palm Bay Yacht Club Condo. Ass'n v. Qbe Ins. Corp.</u>, No. 10-23685, 2012 U.S. Dist. LEXIS 203461, at *12-13 (S.D. Fla. May 8, 2012) (finding no Florida statute requires the insurer to provide coverage for "matching" except Fla. Stat. § 626.9744, which only applies to homeowner's policies).  Therefore, this statute does not apply to Lexington in this case, and this portion of the motion in limine is **GRANTED.**

This motion also seeks to exclude evidence or argument concerning an alleged requirement to "match" under the insurance Policy at issue.  (Doc. #62, p. 2.)  The Policy provides Lexington with the option of repairing, rebuilding or replacing the damaged property "with other property of like kind and quality . . .."

---

[1] "Commercial General Liability policies are designed to protect an insured against certain losses arising out of business operations."  <u>U.S. Fire Ins. Co. v. J.S.U.B., Inc.</u>, 979 So. 2d 871, 877 (Fla. 2007).

(Doc. #62-2, p. 6.)  Lexington proposed to do so by "harvesting" tiles from the roofs of other buildings on the insured property. (Doc. #62, p. 2.)  Lexington argues that at the time of Hurricane Irma the roofs had already undergone years of repairs, including repairs using mismatched tiles.  (Id.)  Because of this, defendant argues, the "like kind and quality" provision in the Policy does not require that the replacement tiles match the other tiles, and the degree of "matching" of tiles cannot be a consideration in determining the repair or replacement method.  (Id.)  Therefore, defendant contends, plaintiff should be barred from asserting that the Policy requires "matching" or introducing evidence regarding a Policy requirement to match.  (Id., p. 4.)

This portion of the motion is **DENIED**.  It is up to a jury to decide the condition of the roofs at the time of Hurricane Irma, and to decide whether non-matching tiles are of "like kind and quality" in light of this pre-existing condition.  Accordingly, Plaintiff is allowed to present evidence and argument that the Policy requires "like kind and quality," which includes matching tiles.

**(2)**

Defendant's Motion in Limine to Preclude Evidence, Testimony or References Regarding Prejudice (Doc. #63) seeks to exclude testimony, evidence or commentary regarding the need for defendant to demonstrate prejudice resulting from the insured's failure to

comply with conditions precedent to recovery under the Policy. Defendant asserts that the insured failed to comply with its post-loss obligations by failing to provide a Sworn Proof of Loss and certain required documentation. (Doc. #63, p. 2.) Defendant argues that it is not required to establish prejudice when an insured fails to comply with a condition precedent, and therefore no such evidence or argument should be allowed. (Id., pp. 5-6.)

But the Court has already addressed the issue in this case.

> . . . the Court finds that Defendant must be "prejudiced by the [Plaintiff's] non-compliance with" the Policy's conditions precedent to be entitled to summary judgment in this case. Id. Under that analysis, "prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer." Id.

(Doc. #93, p. 16.)[2] If Lexington establishes at trial a failure to comply with a condition precedent, prejudice to Lexington will be presumed. Plaintiff will then be required to introduce evidence of a lack of prejudice, which Lexington may attempt to

---

[2] This issue was also considered when plaintiff moved to dismiss or strike defendant's Sixth Affirmative Defense, which asserted defendant was irreversibly prejudiced by Coronado's failure to comply with Policy conditions. (Doc. #97, pp. 9-13; Doc. #100, pp. 11-15.) The Court found that reasonable minds may differ on the inference to be drawn with respect to whether the untimely submission of documentation prejudiced defendant, which precluded dismissal of defendant's Sixth Affirmative Defense. (Doc. #101, pp. 13-14.)

refute.   Since evidence of the presence or absence of prejudice is admissible, the Motion is **DENIED**.

(3)

Defendant's Motion in Limine to Preclude Evidence, Testimony or References Regarding Bad Faith Claims Handling (Doc. #64) seeks to preclude testimony, commentary, or evidence regarding any allegation that Lexington has engaged in any bad faith claims-handling practice.   Defendant argues that because plaintiff has not yet prevailed on its breach of contract claim, it is premature to assert a bad faith claims-handling claim against defendant. (Doc. #64, pp. 1-2.)   Therefore, defendant argues, evidence or arguments "that allege, infer, and/or implies that Lexington has handled the Insured's claim in bad faith" should not be permitted. (Id., p. 3.)

Both sides agree that plaintiff may not yet pursue a claim of bad faith against Lexington because it has not accrued, and is therefore premature. (Doc. #64, pp. 2-3; Doc. #81, p. 2.) Lexington's motion, however, is far too broad.   While there can be no bad faith claim asserted, evidence from which bad faith could be inferred can also support the breach of contract claim.   See Webber v. Nat'l Gen. Assurance Co., No. 4:14cv490-MW/CAS, 2015 U.S. Dist. LEXIS 179497, at *12-13 (N.D. Fla. Nov. 3, 2015) (recognizing that "the evidence usually overlaps substantially"

- 6 -

between bad faith and breach of contract claims.) The motion is therefore **DENIED**.

**(4)**

Defendant's Motion in Limine to Limit or Exclude Evidence Regarding Replacement Cost Value Damages (Doc. #65) seeks to exclude evidence regarding plaintiff's claim for damages based on replacement cost.   Defendant argues, as it does in its Fifth Affirmative Defense, that because plaintiff has not completed any repairs or replacement, it is not "entitled to RCV coverage until the property is actually repair or replaced, and then only to the extent of the amount actually spent that is necessary to repair or replace the damaged property with comparable material and quality." (Id. at 3; Doc. #39, pp. 7-9.)

Lexington is essentially attempting to utilize an in limine motion in place of a summary judgment motion as to its Fifth Affirmative Defense. Ctr. Hill Courts Condo. Ass'n v. Rockhill Ins. Co., No. 19-cv-80111, 2020 U.S. Dist. LEXIS 16261, at *8 (S.D. Fla. Jan. 29, 2020)("Parties cannot use motions in limine as "substitute[s] for motion[s] for summary judgment."). Therefore, the Court declines to allow such a procedural process, and in doing so, **DENIES** this Motion. Lexington may, of course, object to any such evidence at trial.

**(5)**

Defendant's Motion in Limine with Regard Plaintiff's Offering of Certain Testimony or Other Evidence Related to Proposed Method of Roof Repair (Doc. #66) seeks to exclude certain testimony, including by plaintiff's expert Joseph Butler, on proposed methods of roof repair to the insured property and the interpretation of the Florida Building Code.  Plaintiff disagrees with Lexington's evidence, arguing that defendant ignores essential portions of building code, and has admitted that proper method of repair is something which "will be a question of fact for the jury."  (Doc. #83, pp. 2-4.)

Defendant's mere disagreement with certain anticipated testimony is not a sufficient basis for seeking its exclusion *in limine*.  Rather, this is a matter for cross examination.  See McGinnis v. Am. Home Mortg. Servicing Inc., No. 5:11-CV-284 (CAR), 2013 U.S. Dist. LEXIS 92556, at *31 (M.D. Ga. July 2, 2013)(noting that an expert's admissible conclusions are best left for cross-examination, resulting consideration, and weight by the jury.) Since an *in limine* motion is not intended to take the place of cross examination, the motion is **DENIED**.

**(6)**

Defendant's Motion in Limine to Limit or Exclude Testimony Concerning Causation and Method of Repair (Doc. #67) seeks to limit or exclude non-expert testimony from plaintiff as to the causation

or origin of the subject loss, the appropriate method of repair, and the interpretation of Florida law, the Florida Building Code, and/or the insurance Policy.  In response, plaintiff contends that defendant's motion is an overbroad blanket attempt to exclude unspecified evidence *in limine* and should be denied.  (Doc. #84, p. 4.)  The Court agrees.

The Court cannot tell with any degree of certainty that the anticipated testimony defendant seeks to exclude will be inadmissible (or admissible, for that matter).  "If evidence [to be excluded *in limine*] is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Mowbray v. Carnival Corp., No. 08-20931-CIV, 2009 U.S. Dist. LEXIS 139933, at *5 (S.D. Fla. Apr. 13, 2009).  "The court may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" Id. (quoting Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)).  The Court cannot make a blanket ruling based on unspecified evidence, and therefore Lexington will have to make specific objections to testimony at trial. Defendant's final motion in limine is therefore **DENIED**.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion in Limine Regarding Matching (Doc. #62) is **GRANTED** as to the Florida Statute, and **DENIED** as to the Policy.

2. Defendant's Motion in Limine to Preclude Evidence, Testimony or References Regarding Prejudice (Doc. #63) is **DENIED.**

3. Defendant's Motion in Limine to Preclude Evidence, Testimony or References Regarding Bad Faith Claims Handling (Doc. #64) is **DENIED.**

4. Defendant's Motion in Limine to Limit or Exclude Evidence Regarding Replacement Cost Value Damages (Doc. #65) is **DENIED.**

5. Defendant's Motion in Limine with Regard Plaintiff's Offering of Certain Testimony or Other Evidence Related to Proposed Method of Roof Repair (Doc. #66) is **DENIED.**

6. Defendant's Motion in Limine to Limit or Exclude Testimony Concerning Causation and Method of Repair (Doc. #67) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of February, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record